UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
IRENE CONSTAS,

                        Plaintiff,          014-CV-06447T

            v.                              **DECISION
                                            AND ORDER**
HIGHLAND HOSPITAL,

                        Defendants.
_____

### <u>INTRODUCTION</u>

Plaintiff Irene Constas ("plaintiff" and/or "Constas") brings this action against defendant Highland Hospital ("defendant"), her former employer, seeking recovery of disputed pension benefits and alleging breach of contract, unjust enrichment, and detrimental reliance. Specifically, plaintiff alleges that she sustained losses with respect to retirement benefits allegedly due to her under the Retirement Plan for Employees of Highland Hospital of Rochester, New York ("the Plan"). Plaintiff alleges that she relied upon the promise made by defendant that she would not be required to repay any retirement benefits received by her under the Plan from 2004 to 2008 during the period that she was employed part-time by defendant.

Defendant moves this Court for dismissal of the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, asserting that plaintiff's claims are preempted by the Employee Retirement Income Security Act ("ERISA" or the "Act"). For the reasons that follow, defendant motion is granted and plaintiff's complaint is dismissed without prejudice.

## BACKGROUND

Plaintiff was originally hired by defendant on December 10, 1979, but retired from her full time, permanent position on April 27, 2001 and continued working for defendant on a per diem basis. During the course of her employment, plaintiff was a participant in the Plan, which was governed by ERISA.  On March 3, 2004, plaintiff applied for retirement benefits under the Plan and received monthly payments in the amount of $451.00 from 2004 to 2008.  In June 2008, defendant advised plaintiff that she could no longer receive retirement benefits under the Plan if she continued to work. In a letter dated June 8, 2009, Kathleen Gallucci, Chief Human Resources Officer, informed plaintiff that she would "not be required to pay any of the overpayment back to the pension plan," and that defendant would "be making an adjustment to the plan on [plaintiff's] behalf." Complaint, Exhibit E.  Plaintiff continued working for defendant, without receiving any benefits under the Plan, until December 30, 2013.

Under the terms of the Plan, plaintiff was entitled to receive a monthly payment of $1,435.30 upon her scheduled retirement date of January 1, 2014.  However, on October 30, 2013, plaintiff was notified by defendant that her normal monthly benefit under the Plan would be reduced by $230.39 and that the balance of her monthly payment was retained to make up for the distributions that she had previously received while working part-time.  Plaintiff, through her attorney, made a formal written demand to defendant for

the full $1,435.30 monthly payment, asserting that the reduction of her benefits was incorrect in light of defendant's promise that she would not be required to pay back to the Plan any of the previously received distributions.

## DISCUSSION

### I.  Motion to Dismiss Standard

When evaluating a Rule 12(b)(6) motion to dismiss the complaint, a court must ascertain, after presuming all factual allegations in the pleading to be true and viewing them in the light most favorable to the plaintiff, whether or not the plaintiff has stated any valid ground for which relief can be granted. *Ferran v. Town of Nassau*, 11 F.3rd 21, 22 (2d Cir.1993), *cert. denied*, 513 U.S. 1014 (1994).  The court may grant a Rule 12(b)(6) motion only where "'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Allen v. WestPoint-Pepperell*, Inc., 945 F.2d 40, 44 (2d Cir.1991), quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

### II.  Plaintiff's Breach of Contract Claim Is Preempted by ERISA.

In her complaint, plaintiff essentially alleges a breach of contract claim, asserting that a contract was created when defendant assured her that it would "restore the overpayment to the Plan without any cost to [p]laintiff," and that defendant breached that alleged contract by failing to do so. *See* complaint, ¶ 16-19. Plaintiff further alleges she detrimentally relied on defendant's "long-standing policy" of allowing retired employees to collect

retirement benefits while they continued to work on a part-time basis, and that defendant is "unjustly enriched" by the $230.99 deducted from her monthly benefit. *See* complaint, ¶ 22.

Without making a finding on the merits, the Court determines that plaintiff's state law claims are preempted by ERISA, which governs any matters that "relate to any employee benefit plan." 29 U.S.C. §1144(a).

> "ERISA sets forth a "comprehensive civil enforcement scheme that represents a careful balancing of the need for prompt and fair claims settlement procedures against the public interest in encouraging the formation of employee benefit plans. The policy choices reflected in the inclusion of certain remedies and the exclusion of others under the federal scheme would be completely undermined if ERISA-plan participants and beneficiaries were free to obtain remedies under state law that Congress rejected in ERISA." *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 54 (1987); *see also Romney v. Lin*, 94 F.3d 74, 80-81 (2d Cir. 1996), *cert. denied*, 522 U.S. 906 (1997).

ERISA "shall supersede any and all State laws insofar as they may now or ever relate to any employee benefit plan described in . . . this title." 29 U.S.C. §1144(a). The Supreme Court has found "that the express pre-emption provisions of ERISA are deliberately expansive, and designed to 'establish pension plan regulation as exclusively a federal concern'" *See Pilot*, 481 U.S. at 46, quoting *Alessi v. Raybestos Manhattan, Inc.*, 451 U.S. 504, 523 (1981). Given this broad scope, ERISA will preempt even general state laws that are not directed toward benefit plans in cases where those laws would have "a connection with or reference to" an ERISA plan. *See Pilot*, 481 U.S. at 47-48.

It is well settled that ERISA preempts state law claims of misrepresentation that "relate to" an employee benefit plan. *See Smith v. Dunham-Bush, Inc.*, 959 F.2d 6 (2d Cir. 1992); *Cefalu v. B.F. Goodrich Co.,* 871 F.2d 1290 (5th Cir. 1989)(ERISA preempted a breach of contract claim relating to the terms of the retirement plan).

The Court finds that each of plaintiff's claims clearly relates to a plan governed by ERISA. *See Carlo v. Read Rolled Thread Die Co.*, 49 F.3d 790, 794 (1st Cir.1998) (a negligent misrepresentation claim was related to ERISA plan where damages sought by plaintiff ultimately depended on terms of benefit plan). Thus, plaintiff's state law claims of breach of contract, unjust enrichment, and detrimental reliance are preempted by ERISA, and the defendants' motion to dismiss the complaint is granted, without prejudice.

## CONCLUSION

For the reasons set forth above, defendant's motion to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is granted and plaintiff's complaint is dismissed without prejudice.

**ALL OF THE ABOVE IS SO ORDERED.**

> s/Michael A. Telesca
> MICHAEL A. TELESCA
> United States District Judge

Dated:    Rochester, New York
          March 27, 2015